PRICE, Judge.
The primary question before us is the validity of the appeal taken by Janie Shaw O’Neal, the illegitimate child of Eugene Shaw, who seeks recognition as an heir of decedent. The surviving widow, who has been sent into possession of decedent’s estate, filed a motion to dismiss this appeal contending that there is no timely appeal from a trial court judgment for review by us.
The procedural background giving rise to this appeal is as follows: Appellant, as the illegitimate child of decedent, filed a petition for possession seeking to be recognized as the sole heir and sent into possession of an undivided one-half interest in the community property left by decedent. Appellant had a rule to show cause issued to Emma Lee Shaw, decedent’s widow, returnable October 7, 1977. The widow, through counsel and without objecting to the procedure followed, filed an exception of no cause and no right of action on September 28, 1977, based on appellant’s illegitimacy. A copy of the exception was mailed to appellant’s counsel along with a cover letter advising him that it would be agreeable to argue the exceptions on the same date that appellant’s rule was made returnable (October 7, 1977). Appellant’s counsel failed to have the rule on the petition for possession placed on the docket for October 7, so no action could be taken on that date.
A dispute exists as to whether opposing counsel came to an understanding on this date that the trial of the rule and argument of the exceptions would be fixed at a future *531 date to be agreed upon. In any event, counsel for Emma Lee Shaw appeared in court and argued the exceptions of no right or cause of action on October 11, 1977, which was the time the exceptions automatically appeared on the docket under the rules of the district court. No appearance was made by appellant’s counsel on this date. A judgment was rendered in open court sustaining the exceptions and rejecting plaintiffs demands. The judgment was signed and filed on October 13.
On October 26, counsel for Emma Lee Shaw filed a petition for possession, and judgment was rendered ex parte on that date sending her into possession of decedent’s estate. An amended judgment to include a description of real property was filed on October 28. On this date, counsel for appellee mailed appellant’s counsel a copy of the judgment of possession and the amended judgment of possession. However, due to plaintiff’s counsel’s change in address, this correspondence was returned with a post mark “address unknown.” On November 10, counsel for appellee again mailed copies of these two judgments and the judgment sustaining the exceptions of no cause and no right of action to a new address of appellant’s counsel. This correspondence was apparently received.
On January 6, 1978, appellant filed a motion to set aside the judgment sustaining the exceptions and the judgment of possession. Appellant’s counsel contends the judgment on the exceptions dismissing appellant’s action and the subsequent judgments sending appellee into possession were improperly obtained in view of his agreement with opposing counsel; and since he did not receive knowledge of the rendition in time to apply for a new trial, the judgments should be set aside.
Appellant’s rule to set the judgments aside was made returnable on January 10, 1978. However, no service, either personal or domiciliary, was made on either appellee or her counsel. The record reveals that appellant’s counsel appeared on the return date, January 10, and that the trial judge refused to grant the relief requested. The previously prepared written judgment bears the notation: “denied W. J. Fleniken, Judge, January 10, 1978.”
The minutes of the trial court reflect that plaintiff moved for and was granted an appeal on January 11, 1978. It is not clear from the record whether appellant intends to appeal from the action taken by the trial court on January 10, 1978, or from the prior judgment of October 13, 1977, sustaining appellee’s exceptions, or of October 26 and October 28, 1977, sending appellee into possession of decedent’s estate. Assuming appellant intended to appeal from all of the prior judgments and the refusal of the trial court to grant the motion to set the judgments aside, the motion to dismiss is well taken and must be sustained. The appeal was not taken within the delays allowed by law in so far as the judgments signed on October 13, 1977, October 26, 1977, and October 28, 1977, are concerned. The delay for taking an appeal on the last of these judgments commenced to run on November 9, 1977. Appellant’s motion for an appeal on January 11, 1978, was therefore not within the sixty-day period for taking a devolutive appeal, and these judgments have become final. La.C.C.P. Arts. 2087, 2974.
There has been no appealable judgment rendered on the motion by appellant to set aside the previous judgments. We interpret the word “denied” over the signature of the judge written on the bottom of the proposed judgment which appears in the record to mean that the trial court refused to consider the matter in the absence of service of the rule on appellee or her attorney. Therefore, the issues raised by this motion are not properly before this court at this time.
For the above reasons, the appeal is dismissed at appellant’s cost.